UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**LOUIS M. GARRIDO,**                                   CASE NO.: 2:21-CV-171

      **PLAINTIFF,**

V.

**USA SECURITY SERVICES INC. AND**

**JOSEPH A. FISCELLA,**

      **DEFENDANT.**

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    **COMES NOW** the Plaintiff, LOUIS M. GARRIDO, (hereinafter referred to as "the Plaintiff"), by and through his undersigned counsel and sues the Defendants, USA SECURITY SERVICES INC. AND JOSEPH A. FISCELLA (hereinafter collectively referred to as "Defendants"), and states as follows:

**INTRODUCTION**

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq (hereinafter, "the Act").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The venue is proper in the Middle District of Florida because the Defendants employed the Plaintiff in Lee County, Florida, where the Defendants maintains its headquarters in the Middle District of Florida.

4. The Defendant, USA SECURITY SERVICES INC. (USA Security), is a Foreign for Profit Corporation and conducts business in Lee County, Florida, where the Plaintiff worked for the Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. The Defendant, JOSEPH A. FISCELLA, is the Chairman/CEO of USA Security and was responsible for setting both USA SECURITY'S payroll policies including those pertaining to minimum wages and directing the work to be performed by the Plaintiff and other workers.

6. The Plaintiff performed work constituting engagement in interstate or foreign commerce, or the production of goods for interstate commerce and/or a closely related process or occupation directly essential to such production.

7. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

8. The annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

9. The Plaintiff has retained the Malatesta Law Office to represent him in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## GENERAL ALLEGATIONS

10. The Plaintiff was hired on or about September 22, 2020 at a salary of $83,200 plus commissions and other benefits.

11. On November 5, 2020, the Plaintiff resigned. The following day he turned in all of his company property.

12. After his resignation, the Defendants deposited, then later reversed the direct deposit of the Plaintiff's final paycheck covering a two-week period of full-time work.

### COUNT I: VIOLATION OF 29 U.S.C. § 206 (MINIMUM WAGES) AGAINIST BOTH DEFENDANTS

13. Plaintiff realleges Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

15. Plaintiff worked hours for the Defendants for which he was paid below the FLSA statutory minimum wage Moreover, the Defendants paid the Plaintiff nothing as wages for time worked during said week.

16. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

17. Records, if any, concerning the number of overtime hours worked, the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

18. The Defendants willfully violated the FLSA.

19. Plaintiff is entitled to liquidated damages.

**WHEREFORE**, the Plaintiff, LOUIS M. GARRIDO, demands judgment in his favor and against the Defendants, against USA SECURITY SERVICES, INC. and JOSEPH A. FISCELLA, for statutory remedies, damages, and relief as follows:

a) Declaring that the Defendants, violated the minimum wage provisions of 29 U.S.C. § 206

b) Awarding Plaintiff minimum wages compensation in an amount to be calculated;

c) Awarding Plaintiff liquidated damages in an amount to be calculated;

d) Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e) Awarding Plaintiff post-judgment interest; and

f) Ordering any other and further relief this Court deems to be just and proper.

## COUNT II: UNPAID SALARY
## AGAINST ONLY USA SECURITY SERVICES, INC.

20. Plaintiff realleges Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

21. Pursuant to Article X, Section 24 of the Florida Constitution, Defendant was required to pay Plaintiff at least the applicable Florida minimum wage for his hours worked.

22. The Defendant made an offer of employment to the Plaintiff at $83,200 in annual salary. A true and accurate copy of the offer letter is attached as Exhibit A.

23. The Plaintiff accepted the offer of employment.

24. The Plaintiff was not paid for his final two weeks of salary.

25. Defendants underpaid the Plaintiff by $3,200 in wages between October 24, 2020 to November 5, 2020.

26. Plaintiff failed to any wages whatsoever during this period.

27. Plaintiff provided notice of this wage violation in accordance with the requirements of Fla. Stat. § 448.110 on December 2, 2020. A true and accurate copy is attached as Exhibit B.

28. Defendants continue to intentionally withhold the Plaintiff's compensation despite the demand.

29. Plaintiff is entitled to recover from Defendant his attorneys' fees and costs incurred in making a claim for unpaid wages, under Florida Statutes, Section 448.08, should he prevail.

   **WHEREFORE**, the Plaintiff, LOUIS M. GARRIDO, demands judgment in his favor and against the Defendant, against USA SECURITY SERVICES, INC. and statutory remedies, damages, and relief as follows:

a. Declaring that Defendants violated Article X §24 of the Florida Constitution and Section 448.110 Florida Statutes, insofar as failing to pay Plaintiff at or above the minimum wages and salary;

b. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendant to pay a $1,000.00 fine to the State of Florida for such willful violation;

c. Award the Plaintiff $3,200 in unpaid wages and salary,

d. Award the Plaintiff Liquidated damages,

e. Pre-judgment interest;

f. Reasonable attorneys' fees, costs, and expenses; and

g. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

30. The Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 2, 2021.

        Respectfully submitted,

By:     /s/__Frank M. Malatesta, Esq._____
**FRANK M. MALATESTA, ESQUIRE**
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256 - 3812
Facsimile No.: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*